[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
During jury deliberations, the jury sent the court a note requesting a review of the testimony of the defendant, Holly B. Cyr. The court was hearing opening statements in another case and therefore told the clerk to inform the jury that there would be some delay before the court could comply with its request. The clerk, Gail Marr, did inform the jury that there would be a delay, but that the judge would speak to the jury during its recess.
Before the court could comply with the jury's request, the jury announced that it had reached a verdict. The plaintiff claims that the court erred in failing to comply with the jury's request for Cyr's testimony before it reached a verdict.
The note requesting a "copy" of Holly Cyr's testimony was received by the court while on the bench at 10:30 a.m. on March 29, 1995. (Court's Exhibit 1.)
Since the court was hearing opening statements to the jury in another case at the time, it told the clerk to tell the jury that there would be a delay, but that the court would respond to their request during the recess. The clerk told this to the jury. At 10:45 a.m., while still on the bench, the court was given another note from the jury stating that the jury had reached a verdict.
The court believes it had no choice but to delay responding to the jury. It would not have been appropriate to interrupt the opening statements of the case on trial. On the other hand, the only way the court could communicate with the jury was to have the clerk tell them the situation. CT Page 6778
The plaintiff claims that this communication with the jury requires that the verdict be set aside.
The plaintiff cites several cases of juror contact, however, all suggest some prejudice to a party. The court does not find that the contact was unduly harmful in this case.
Any question suggested by the juror's note to hear testimony became moot once a unanimous verdict was rendered in court. Josephson v. Meyers, 180 Conn. 302.
The motion to set aside the verdict is hereby denied.
Hurley, J.